**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
------------------------------------------------------
Harry Dunleavy                          :
                                        :
        Plaintiff,                      :          Civ. No. 05-3865 (DRD)
                                        :
              v.                        :
                                        :
The State of New Jersey, et. al         :              O P I N I O N
                                        :
        Defendants.                     :
                                        :
------------------------------------------------------
```

Harry Dunleavy
16 Price Road
Augusta, New Jersey 07822

*Pro se Plaintiff*


Peter C. Harvey
Attorney General of New Jersey
By Joseph M. Micheletti
Deputy Attorney General
Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

*Attorney for Defendants The State of New Jersey, The New Jersey Motor Vehicle Commission,*
*Peter Harvey, Sherry Harrington, Daniel Sullivan, and Richard Codey*


Carl A Salisbury Esq.
KILLIAN & SALISBURY
77 Brant Avenue, Suite 115
Clark, NJ 07066

*Attorney for Defendant Howard Burrell*

**DEBEVOISE, Senior District Judge**

## I.  PROCEDURAL HISTORY

Plaintiff Harry Dunleavy filed a claim against his former employer, the New Jersey Motor Vehicle Commission ("NJMVC"), and various other parties, the State of New Jersey, Peter Harvey, Sharon Harrington, Shawn Sheeky, Daniel Sullivan, Richard Codey, and Howard Burrell, claiming he was unlawfully terminated from his position as manager of the NJMVC Sussex County Office.  Plaintiff alleges violations of the Civil Rights Act, the Freedom of Information Act, the Occupational Safety and Health Act, the Clean Air Act, the Compensation and Liability Act and the Conscientious Employee Protection Act.  Presently before the court are the following motions: (1) Plaintiff's motion for me to  recuse myself from the case; (2) Plaintiff's motion for an order denying the New Jersey Democratic Committee the right to provide funding for Defendant Howard Burrell's defense.

## II.  BACKGROUND

The following facts are the only facts relevant to the pending motions.  First, Plaintiff appeared before me in 1991 in a case he filed against the National Labor Relations Board and various individual defendants.  That case bears no relation to the present action.  Second, the New Jersey Democratic Committee, which has provided Defendant Howard Burrell with assistance in obtaining counsel, is a private organization.

## III.  DISCUSSION

**Recusal Motion**

Plaintiff disagrees with the decision I made in his prior action.  He claims I erred by failing to follow established precedent.  For this reason, he believes I cannot possibly be fair and impartial in the present matter.

Under 28 U.S.C. § 455(a), any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  Under 28 U.S.C. § 455(b)(1), a judge must also recuse himself if he holds a personal bias or prejudice concerning a party.  Typically, the bias or lack of impartiality necessary to require recusal must spring from extra-judicial circumstances. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (U.S. 1994).  Except in the rarest of circumstances, evidence of favoritism or antagonism in a prior proceeding simply constitutes grounds for appealing that ruling and does not require recusal in the present action.  Id.

In Liteky, Petitioner alleged that the District Judge should have recused himself because he was biased due to events that occurred in an earlier trial.  The Court affirmed the District Judge's denial of Petitioner's motion for recusal, stating that "opinions formed by the judge on the basis of facts introduced or events occurring in . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

In the present case, Plaintiff alleges no facts demonstrating deep-seated favoritism or antagonism.  He simply disagrees with my interpretation of case law that was relevant to his prior action before this court.  As such, Plaintiff's motion for me to recuse myself is denied.

**Motion for an order denying the New Jersey Democratic Committee the right to provide funding for Defendant Howard Burrell's defense**

Plaintiff has withdrawn this motion as Mr. Burrell's counsel stated that the Democratic Committee is not funding his client's defense.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for me to recuse myself is denied.  His motion for an order denying the New Jersey Democratic Committee the right to provide funding for Defendant Howard Burrell's defense has been withdrawn and will be dismissed as moot.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          November 15, 2005

4